# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER CHIN-YOUNG,<br><br>*Plaintiff*,<br><br>v.<br><br>MARK T. ESPER, *et al.*,<br><br>*Defendants*. | Civil Action No. 18-2072 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Chin-Young, proceeding *pro se*, commenced this suit on August 21, 2018, alleging that, while deployed to Kabul, Afghanistan as a civilian employee in the Afghanistan Ministry of Defense Advisors ("MoDA") program, he was subject to discrimination on the basis of his race, color, sex, national origin, and age. *See* Dkt. 1 at 3–4, 6; Dkt. 15 at 4, Dkt. 15-1 at 2. Defendants move, with respect to the Secretary of the Air Force, to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), and, with respect to the Secretary of Defense, to dismiss for improper venue, Fed. R. Civ. P. 12(b)(3), or, in the alternative, to transfer the case to the Eastern District of Virginia. Dkt. 11 at 1. Because the alleged discrimination did not take place in the Air Force and because Plaintiff was not in an employment relationship with the Air Force, the Court will dismiss all claims against the Secretary of the Air Force; and because the District of Columbia is the improper venue for Plaintiff's Title VII claims, the Court will transfer all remaining claims to the Eastern District of Virginia.

## I. BACKGROUND

For the purpose of Defendants' Motion to Dismiss or to Transfer Venue, Dkt. 11, the Court must accept as true all factual allegations set forth in the complaint. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *James v. Booz-Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002).  Moreover, district courts may "generally . . . 'consider supplemental material filed by a pro se litigant in order to clarify the precise claims being urged' in [his] complaint." *Crawford v. Duke*, 867 F.3d 103, 108 (D.C. Cir. 2017) (quoting *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007)).  In an effort to understand Plaintiff's claims, the Court has therefore considered all of the materials he submitted along with his complaint and his explication of the complaint in his opposition brief.  *See Fillmore v. AT & T Mobility Servs. LLC*, 140 F. Supp. 3d 1, 2 (D.D.C. 2015) (citing *Brown v. Whole Foods*, 789 F.3d 146, 152 (D.C. Cir. 2015) (noting that courts should consider "the facts alleged in *all* of [a *pro se* plaintiff's] pleadings" when evaluating a defendant's motion to dismiss) (emphasis in original)).

From July 3, 2014 until August 29, 2014, Plaintiff was deployed to Kabul, Afghanistan as part of the Department of Defense's MoDA program.  Dkt. 1-2 at 1, 2, 21, 34; Dkt. 15 at 4; Dkt. 15-1 at 1.  He served as a Senior Information Communications Technology advisor.  Dkt. 15 at 4.  The deployment was intended to continue for one year but could have been extended for up to two years.  Dkt. 15 at 4–5; *see also* Dkt. 1-2 at 2, 34; Dkt. 1 at 4.  Plaintiff alleges that two individuals with whom he served in Afghanistan—Dr. Warner, a civilian employee of the Department of Defense Information Systems Agency, and Colonel Gale, a United States Air Force officer—discriminated against him on the basis of his race, color, sex, national origin, and age, which led to the premature curtailment of his deployment after only two months.  Dkt. 1 at 5; Dkt. 1-2 at 14, 35; Dkt. 15 at 5.

Plaintiff filed two separate Equal Employment Opportunity ("EEO") complaints about the alleged discrimination and his early return from Afghanistan—one with the Department of Defense Information Systems Agency, and one with the Air Force, presumably as the employers,

respectively, of Dr. Warner and Colonel Gale. Dkt. 1-2 at 2–3; Dkt. 15 at 6. The Air Force referred the matter to the Army, and the Department of Defense Information Systems Agency docketed the matter. Dkt. 1-2 at 7. Plaintiff brought his EEO complaint against the Army to the Equal Employment Opportunity Commission ("EEOC"), *id.* at 2, 7, 32, and the EEOC administrative judge ("AJ") joined the Departments of Defense and the Air Force as respondent agencies on March 24, 2017, *id.* at 2, 32. Plaintiff subsequently requested a hearing before the EEOC on the EEO complaint that he had filed against the Department of Defense Information Systems Agency. *Id.* at 2. The AJ dismissed that case on January 5, 2018, on the ground that it was the subject of the other EEOC proceeding, and Plaintiff appealed the dismissal. *Id.* at 3. In the meantime, the AJ issued her order and decision in the initial EEOC proceeding on April 6, 2018. *Id.* at 31–37. She specifically addressed the actions of Dr. Warner and Colonel Gale and granted summary judgment to the agencies, finding "no evidence to suggest a connection between Complainant's race, color, national origin, sex, and/or age and the events underlying his complaint." *Id.* at 35–36.

On May 16, 2018, the Army issued its Final Agency Action, in which it informed Plaintiff that it had "decided to implement [the EEOC AJ's decision]." *Id.* at 7–12. The Final Agency Action advised Plaintiff of his right to appeal to the EEOC Office of Federal Operations or to file an action in federal court. *Id.* A few weeks later, the EEOC Office of Federal Operations affirmed the dismissal of Plaintiff's EEO complaint against the Department of Defense Information Systems Agency, on the ground that the claims had already been addressed. *Id.* at 3.

Plaintiff filed a *pro se* complaint for employment discrimination against the Secretary of Defense and the Secretary of the Air Force in this Court on August 21, 2018. Dkt. 1. In

response, Defendants moved to dismiss for failure to state a claim and improper venue, or, in the alternative, to transfer venue.  Dkt. 11.

## II.  LEGAL STANDARD

### A.  Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson*, 551 U.S. at 93.  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (citations omitted).

### B.  Improper Venue

A similar standard governs a defendant's motion to dismiss for improper venue.  The Court must "accept[ ] the plaintiff's well-pled factual allegations regarding venue as true;" must "draw[ ] all reasonable inferences from those allegations in the plaintiff's favor;" and must "resolve[ ] any factual conflicts in the plaintiff's favor."  *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002) (citation omitted).  The plaintiff, however, "'bears the burden of establishing that venue is proper,'" *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)), and must offer more than mere legal conclusions.

# III. ANALYSIS

A. **Failure to State a Claim as to the Secretary of the Air Force**

Plaintiff alleges violations of both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634. For the following reasons, the Secretary of the Air Force is dismissed as to both claims.

   1. *Title VII of the Civil Rights Act of 1964*

Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination" based on race, color, sex, or national origin. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976). Title VII includes a provision that "'mandates who may be a proper defendant in civil actions brought by federal employees to enforce rights under Title VII.'" *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002) (quoting *Hancock v. Egger*, 848 F.2d 87, 88 (6th Cir. 1988)). That provision, 42 U.S.C. § 2000e-16, states in relevant part that "an employee or applicant for employment, if aggrieved by the *final disposition of his complaint* . . . may file a civil action as provided in section 2000e-5 of this title, in which civil action *the head of the department, agency, or unit, as appropriate, shall be the defendant*." 42 U.S.C. § 2000e-16(c) (emphasis added). Although courts have recognized that "[t]his cryptic phrase provides little guidance to litigants," *Paulk v. Dep't of Air Force, Chanute Air Force Base*, 830 F.2d 79, 80 (7th Cir. 1987), the D.C. Circuit has explained that "[t]he only proper defendant in a Title VII suit . . . [against the federal government] is the 'head of the department, agency, or unit' in which the allegedly discriminatory acts transpired." *Hackley v. Roudebush*, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975). Based on this statutory authority and precedent; the fact that all of the discriminatory action alleged in the complaint took place at a joint military

headquarters (not an Air Force base); and the fact that the "final disposition of [Plaintiff's] complaint" was made by the Army (not the Air Force), the Court concludes that the Secretary of the Air Force is not a proper defendant in Plaintiff's Title VII claim.

The Court is not convinced, moreover, that Plaintiff's allegations regarding Colonel Gale are sufficient to support a Title VII or ADEA claim against the Secretary of the Air Force. "Title VII [and] the ADEA . . . cover 'only "employees in a direct employment relationship" with the employer' and applicants for employment." *Koch v. Holder*, 930 F. Supp. 2d 14, 17 (D.D.C. 2013) (quoting *Delbert v. Duncan*, 923 F. Supp. 2d 256, 259 (D.D.C. Feb. 14, 2013, which, in turn, quotes *Spirides v. Reinhardt*, 613 F.2d 826, 829 (D.C. Cir. 1979)) (dismissing Title VII claim brought by a former employee of the Securities and Exchange Commission against Department of Justice because plaintiff in that case was never employed by Department of Justice). "Only in very limited circumstances may an individual who neither worked for, nor sought employment with, an agency bring an employment discrimination claim against that agency." *Koch*, 930 F. Supp. 2d at 17. Most notably, the D.C. Circuit has held that a plaintiff may bring a discrimination claim against a defendant that is not his employer if the defendant "control[s] access to such employment and . . . den[ies] such access by reference to invidious criteria." *Sibley Mem'l Hosp. v. Wilson*, 488 F.2d 1338, 1342 (D.C. Cir. 1973) (permitting claim under Title VII against government entity that stood between worker and actual employer); *see also Redd v. Summers*, 232 F.3d 933, 940–41 (D.C. Cir. 2000) (holding *Sibley* exception did not save Rehabilitation Act claim where non-employer defendant did not serve as intermediary between plaintiff and actual employer).

Here, Plaintiff does not allege that he ever worked for or applied for employment at the Department of the Air Force, and, although Plaintiff does attribute the alleged discriminatory

6

conduct and curtailment of his deployment, at least in part, to Colonel Gale, he has not "alleged any facts that would support an inference that [Colonel Gale] controlled access to his employment at the [Department of Defense]." *Koch*, 930 F. Supp. 2d at 17. Because the complaint contains no allegations that might support a Title VII claim against the Department of the Air Force, the Secretary of the Air Force is dismissed as to that claim.

2. *Age Discrimination in Employment Act of 1967*

Unlike Title VII, the ADEA does not specify the proper defendant in an age discrimination case. *See* 29 U.S.C. § 633a(c) ("Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter."). Courts have held, however, that "because the purpose of Title VII is fulfilled by just naming the agency head, then surely the purpose of the ADEA will be fulfilled by naming a like defendant." *Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986) (quoting *Gillispie v. Helms*, 559 F. Supp. 40, 41 (W.D. Mo. 1983)); *see also Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986) ("We agree with the reasoning of [*Ellis* and *Gillispie*] and hold that 42 U.S.C. § 2000e-16(c), identifying the proper defendant in Title VII discrimination actions, also applies to age discrimination claims brought under the ADEA."). Importantly, "the portion of the ADEA applicable to federal employees was patterned after a similar provision in Title VII," and thus "the two provisions should be construed consistently." *Ellis*, 748 F.2d at 838 (citing *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 755–56 (1979)); *see also Miller v. Clinton*, 687 F.3d 1332, 1346 (D.C. Cir. 2012) (explaining that ADEA and Rehabilitation Act are modeled on and should be construed consistently with Title VII). Accordingly, for the same reasons Plaintiff has failed to state a Title VII claim against the

Secretary of the Air Force, he has failed to state an ADEA claim against the Secretary of the Air Force.

**B.      Improper Venue as to the Secretary of Defense**

Federal law requires that plaintiffs bring suit "in the proper venue" to "ensure[ ] that a district with some interest in the dispute or nexus to the parties adjudicates the plaintiff's claims." *Hamilton v. JPMorgan Chase Bank*, 118 F. Supp. 3d 328, 333 (D.D.C. 2015). Generally, venue is proper in a district (1) where any defendant resides (if all defendants are residents of the same state); (2) where the events giving rise to the suit occurred; or (3) if "there is no district in which an action may otherwise be brought," in any district in which a defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). Title VII has its own venue provision, however, which states that

> an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). "Where a case involves more than one cause of action, venue must be proper as to each claim." *Relf v. Gasch*, 511 F.2d 804, 807 n.12 (D.C. Cir. 1975); *see also* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3807 (4th ed. 2018).

Pursuant to Federal Rule of Civil Procedure 12(b)(3), "a defendant may, at the lawsuit's outset, test whether the plaintiff 'has brought the case in a venue that the law deems appropriate.'" *Johns v. Newsmax Media, Inc.*, 887 F. Supp. 2d 90, 96 (D.D.C. 2012) (quoting *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53 (D.D.C. 2006)). "If the Court concludes that venue

is improper, it must then decide whether to dismiss the action or to transfer the case to a district where it could initially have been instituted." *King v. Caliber Home Loans, Inc.*, 210 F. Supp. 3d 130, 134 (D.D.C. 2016); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The "standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it—thus preserving a [plaintiff's] ability to obtain review," *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001), but the "decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court," *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

1. *Title VII of the Civil Rights Act of 1964*

As explained above, venue for purposes of Title VII is governed by 42 U.S.C. § 2000e-5(f)(3), which provides for venue in four possible judicial districts: (1) that in which the unlawful employment practice is alleged to have occurred; (2) that in which the employment records relevant to such practice are maintained and administered; (3) that in which the aggrieved person would have worked but for the alleged unlawful employment practice; and, (4) if the defendant is not found within any such district, then in the district in which the defendant has his principal office. 42 U.S.C. § 2000e-5(f)(3). The District of Columbia does not satisfy any of these four bases for venue.

First, the unlawful employment practice is alleged to have been committed in Kabul, Afghanistan. *See* Dkt. 1. Second, the complaint contains no allegation or reference to any employment records that are relevant to this case, nor is there reason to believe that any such records are located in the District of Columbia. *See id.* Third, but for the alleged unlawful

employment practice, Plaintiff would have worked in Kabul, Afghanistan, not the District of Columbia. *See id.*

This leaves only the fourth basis for venue: "the judicial district in which the [defendant] has his principal office." 42 U.S.C. § 2000e-5(f)(3). Although Plaintiff does not expressly invoke this provision, he lists a Washington, D.C. mailing address for the Pentagon in his complaint. Dkt. 1 at 2. The Court takes judicial notice, however, that the Pentagon is located in Arlington, Virginia. Dkt. 11-1 at 18; *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 244 (D.D.C. 2007). The proper venue for Title VII suits against the Secretary of Defense, accordingly, is the Eastern District of Virginia, *see, e.g.*, *Jones v. Hagel*, 956 F. Supp. 2d 284, 288 n.3 (D.D.C. 2013) ("DOD's principal office (the Pentagon) is located in Arlington, Virginia, for venue purposes despite its Washington, D.C., mailing address, which means that venue under the fourth statutory basis [in Title VII] is proper in the Eastern District of Virginia, not D.C."); *Beckford v. Esper*, 2018 WL 4778930, at *2 (D.D.C. Oct. 3, 2018); *Saran v. Harvey*, 2005 WL 1106347, at *3–4 (D.D.C. May 9, 2005), and thus venue in this district is improper.

The "standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it—thus preserving a [plaintiff's] ability to obtain review," *Nat'l Wildlife Fed'n*, 237 F.3d at 674. Here, the interest of justice supports transfer of Plaintiff's Title VII claim to the United States District Court for the Eastern District of Virginia. "[I]t would be more efficient and economical to transfer the case . . . rather than force . . . a *pro se* plaintiff to re-file and re-serve his Complaint in another District." *Roland v. Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 69 (D.D.C. 2015).

2. *Age Discrimination in Employment Act of 1967*

Venue for Plaintiff's ADEA claim is governed by the general venue statute, 28 U.S.C. § 1391. *Dehaemers*, 522 F. Supp. 2d at 247–48. Under that statute, venue is proper, among other places, "[where] a defendant in the action resides." 28 U.S.C. § 1391(e). The head of a federal department or agency "'resides' where he conducts his official duties." *Webster v. Mattis*, 279 F. Supp. 3d 14, 19 (D.D.C. 2017). The Secretary of Defense "performs a significant [portion] of his official duties in both Washington, D.C. and at the Pentagon in Virginia." *Id.* (internal quotation marks and citation omitted). Accordingly, venue for Plaintiff's ADEA claim is proper in both the District of Columbia and the Eastern District of Virginia. The Court's conclusion that venue is proper in this district, however, does not end the matter. Rather, "[c]ourts have consistently transferred cases that raise both Title VII and ADEA claims to courts where venue is proper for both claims." *Id.* In the interest of judicial economy, the Court will therefore transfer Plaintiff's ADEA claim, too, to the Eastern District of Virginia.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint with respect to the Secretary of the Air Force and to transfer venue with respect to the Secretary of Defense, Dkt. 11, is hereby **GRANTED**. It is further **ORDERED** that the action will be transferred to the Eastern District of Virginia with the Secretary of Defense as the sole remaining defendant.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: September 6, 2019